IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE CONSTITUTION PARTY OF, PENNSYLVANIA, et al. Plaintiffs | : : : : | Civil Case |
| v. | : : | |
| PEDRO A. CORTES, et al. Defendants | : : | No. 5:09-cv-01691 |

MEMORANDUM

**Stengel, J.**                                                        July 16, 2010

The Constitution Party of Pennsylvania, the Green Party of Pennsylvania, and the Libertarian Party of Pennsylvania, and the chairs of the three parties, filed a motion for reconsideration of the court's opinion and order granting defendants' motions to dismiss. I will deny the motion.

I. BACKGROUND

On March 31, 2010, the defendants' motions to dismiss plaintiffs' amended complaint were granted.[1] The amended complaint alleged § 2872.2,[2] § 2937,[3] and

---

[1] The Justices of the Supreme Court of Pennsylvania, the Judges of the Commonwealth Court of Pennsylvania, Charlese W. Johns, Prothonotary of the Supreme Court of Pennsylvania, and Michael F. Krimmel, Chief Clerk of the Commonwealth Court of Pennsylvania filed a motion to dismiss on July 2, 2009. Pedro Cortes, Chet Harhut, and Thomas Corbett filed a motion to dismiss on August 24, 2009.

[2] 25 Pa. C.S.A. § 2872.2(a) provides: "(a) Notwithstanding any other provision in this act to the contrary, minor political parties shall nominate all of their candidates for the offices to be filled at the ensuing November election pursuant to section 903 in accordance with the requirements of section 951, other than subsection (e)(6) and (7) thereof, and section 954, and

§ 2963(a)[4] of the Pennsylvania Election Code were unconstitutional. The motions to dismiss were granted because plaintiffs lacked standing to bring the constitutional claims and because plaintiffs' claims were not ripe for federal review.[5] I found the amended complaint failed to present a case or controversy as required by Article III of the United States Constitution. See Memorandum at 9.

Plaintiffs argue their motion for reconsideration should be granted because the memorandum opinion addressing defendants' motions to dismiss failed to discuss counts I and III of plaintiffs' amended complaint, failed to address authority supporting plaintiffs' position that a state may not condition participation in elections upon an ability to pay, and misapplied the Rooker-Feldman doctrine.[6]

---

shall obtain the required signatures during the same time frame available to political bodies. Minor political parties shall be subject to the provisions of this act applicable to political parties with respect to special elections, voter registration forms, substituted nominations and all other purposes except as otherwise expressly provided in this section . . . ."

[3] 25 Pa. C.S.A. § 2937 provides: "All nomination petitions and papers received and filed within the periods limited by this act shall be deemed to be valid, unless, within seven days after the last day for filing said nomination petition or paper, a petition is presented to the court specifically setting forth the objections thereto, and praying that the said petition or paper be set aside. . . . If the court shall find that said nomination petition or paper is defective under the provisions of section 976, or does not contain a sufficient number of genuine signatures of electors entitled to sign the same under the provisions of this act, or was not filed by persons entitled to file the same, it shall be set aside. . . . In case any such petition is dismissed, the court shall make such order as to the payment of the costs of the proceedings, including witness fees, as it shall deem just. . . ."

[4] 25 Pa. C.S.A. § 2963(a) provides a mechanism for voters to vote for a candidate not on the ballot by writing the name of the candidate on the space provided on the ballot.

[5] See Memorandum at 9, The Constitution Party of Pennsylvania v. Cortes, 09-1691 (E.D. Pa. filed Mar. 31, 2010) [hereinafter Memorandum].

[6] Memorandum in Support of Plaintiffs' Motion for Reconsideration of the Court's April 1, 2010 Opinion and Order at 1, The Constitution Party of Pennsylvania v. Cortes, No. 09-

## II. STANDARD

"The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). A court should grant a motion for reconsideration "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc., 176 F.3d at 677 (quoting N. River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

## III. COUNTS I AND III

Plaintiffs allege the memorandum opinion granting the defendants' motions to dismiss failed to address count I and count III of the amended complaint. Plaintiffs' Memorandum at 2. The memorandum opinion does not contain a specific, in-depth discussion of counts I and III, yet the analysis of count II applies to the claims in count I and count III.

Count II alleges § 2937 is unconstitutional because it authorizes Judges to tax costs and fees against a minor party or independent candidate, "without notice or limitation,

---

1691 (E.D. Pa. filed Apr. 15, 2010) [hereinafter Plaintiffs' Memorandum].

3

subject only to the . . . Judges' discretion."[7]  Count II alleges courts assessed costs pursuant to § 2937 against minor party and independent candidates in the 2004 and 2006 elections.  See Amended Complaint at ¶ 54.  It alleges § 2937 fails to provide notice of when courts will assess taxes, chills plaintiffs' First Amendment rights, and violates the Due Process Clause.  Id. at ¶ 57.

Count I challenges the constitutionality of § 2872.2 of the Pennsylvania Election Code.  Section 2872.2 requires minor parties, defined as political parties whose membership accounts for less than fifteen percent of registered voters, to conduct a new petition drive each election cycle.  See Amended Complaint at ¶ 43.  Count I alleges § 2872.2 arbitrarily discriminates against and imposes a severe and unnecessary burden on non-major party candidates because of the alternate set of procedures established for those candidates.  Id.  at ¶¶ 43-44.  "Specifically, [§] 2937 subjects Minor Party and independent candidates to the threat they will be taxed with litigation costs and fees, including attorney fees, without limitation, if they submit nomination petitions as required by [§] 2911(b).  In the alternate, the Pennsylvania Election Code subjects Minor Party and Independent candidates to the threat that votes validly cast for them pursuant to [§] 2937(a) will not be counted. . . ."  Id. at ¶ 45.  Count I also maintains that candidates have been taxed with more than $80,000 in costs and fees.  Id. at ¶ 46.

---

[7]  Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief at ¶ 53, The Constitution Party of Pennsylvania v. Cortes, No. 09-1691 (E.D. Pa. filed June 19, 2009) [hereinafter Amended Complaint].

Count III of the amended complaint challenges § 2963(a), which authorizes voters to cast a write-in vote for any candidate for public office, and provides a mechanism for casting such votes. Amended Complaint at ¶ 60. It alleges this is the only alternative for non-major party candidates and their supporters "within the electoral arena free from the financial burdens that § 2937 threatens to impose upon such candidates." Id. at ¶63. Count III alleges counties routinely fail to compute and certify votes validly cast for non-major party candidates. Id. at ¶ 62.

Both count I and count III rely, in part, on the allegation that § 2937 places unconstitutional financial burdens on minor party and independent candidates. The memorandum opinion addressing the motions to dismiss found that plaintiffs lacked standing to raise such a claim and that the claim was not ripe. The standing and ripeness analysis applies to all counts of the complaint. Although each count states a separate, discrete basis for the plaintiffs' constitutional challenge to the Pennsylvania Election Code, the standing and ripeness concerns are common to all counts. The memorandum opinion adequately addressed count I and count III and plaintiffs have failed to establish a clear error of law or fact.

IV. <u>COUNT II</u>

Plaintiffs' "clear error of law" concerns the failure of the memorandum opinion to recognize authority establishing that § 2937 unconstitutionally requires plaintiffs to

5

assume the risk of incurring substantial costs to defend nomination petitions.  See Plaintiffs' Memorandum at 4.  Plaintiffs allege granting the motions to dismiss violates a rule which requires a court to strike down an election law if the law imposes a mandatory financial burden.  Id. at 5.  They rely on the cases cited in their response to the executive defendants' motion to dismiss.[8]  See id. at 4-5 (citing Harper v. Virginia Bd. of Elections, 383 U.S. 663 (1996), Bullock v. Carter, 405 U.S. 134 (1972), and Lupin v. Panish, 415 U.S. 709 (1974), and various Court of Appeals and district court opinions); Plaintiff's Response to Executive Defendant's Motion to Dismiss at 6-9 (same).

Plaintiffs claim the opinion went "against the weight of authority" to hold the complaint failed to raise a case or controversy.  Plaintiffs' Memorandum at 5.  They contend, because of the cited cases, it was clear error to find the injury was conjectural or hypothetical, and to find the opinion would be an advisory opinion.  Id.  They believe § 2937 chills their ability to recruit candidates and a declaratory judgment would redress harm by removing the impermissible financial burden.  Id. at 6.  Plaintiffs maintain it was inconsistent with binding precedent to find no substantial threat of real harm.  Id.

Plaintiffs point to the possibility that costs will be assessed against a candidate who acted in good faith because the statute fails to distinguish between taxable and non-taxable conduct.  Plaintiffs' Memorandum at 7.  They once again allege a lack of bad

---

[8]  See Plaintiffs' Response in Opposition to the Motion to Dismiss the Amended Complaint filed by Defendant Corbett, Defendant Cortes and Defendant Harhut at 5-12, Constitution Party of Pennsylvania v. Cortes, No. 09-1691 (E.D. Pa. filed Sept. 10, 2009).

faith in the state court cases which assessed costs. They say the "fraud" was nothing more than a handful of phony signatures by pranksters or saboteurs. Id.

Plaintiffs have not established a clear error of law or fact. Although couched in terms of clear error, plaintiffs' motion for reconsideration essentially re-argues the position stated in the complaint and in the responses to the motions to dismiss, i.e., the statute is unconstitutional. Plaintiffs cite cases which find unreasonable financial barriers for candidates are unconstitutional, but provide no case law to support their contention that plaintiffs have standing or that their claims are ripe. In addition, plaintiffs fail to establish any error in my reliance on the state court findings that the candidates acted with bad faith when defending their nomination papers.

V.      Rooker-Feldman

The Rooker-Feldman doctrine provides that "lower federal courts are precluded from exercising appellate jurisdiction over final state court judgments." Lance v. Dennis, 564 U.S. 459, 463 (2006). It "is a narrow doctrine, confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Id. (quoting Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

In their motion for re-consideration, the plaintiffs essentially re-argue that they are

7

seeking prospective and declaratory relief, not challenging the state court judgments in In re: Nomination Paper of Ralph Nader, 905 A.2d 450, 465 (Pa. 2006) and In re Nomination Paper of Rogers, 942 A.2d 915, 929 (Pa. Super. Ct. 2008). See Plaintiffs' Memorandum at 9. Requiring plaintiffs to return to state court, they maintain, subjects them to the very harm they wished to avoid by prospective relief. Id.

I found the plaintiffs' claims were "in essence, an improper challenge to the state court" opinions in Nader and Rogers. See Memorandum at 21. It is no surprise that the plaintiffs disagree or that they consider it to be error.

The Nader and Rogers courts did not address whether the assessment of costs would chill participation in elections. They did, however, find the provision allowing the assessment of costs constitutional. See Nader, 905 A.2d at 459; Rogers, 942 A.2d at 929. In addition, they found the assessment of costs against the candidates in Nader and Rogers constitutional. Plaintiffs' constitutional claims rely on their argument that the Nader and Rogers courts improperly found the candidates acted in bad faith and improperly assessed costs against the candidates. To find for the plaintiffs would require a determination that the state court findings were error. In a very real sense, to find for the plaintiffs will be to exercise appellate jurisdiction over final state court judgments.

Plaintiffs have failed to establish a clear error of law or fact occurred in my discussion of the state court decisions.

An appropriate order follows.